# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL MCLEMORE,

    *Petitioner*,

vs.

RENEE BAKER,,*et al.,*

    *Respondents*.

3:14-cv-00390-RCJ-WGC

ORDER

    Petitioner has submitted an application (#1) to proceed *in forma pauperis* and a habeas petition.

    The matter has not been properly commenced because petitioner did not submit all of the required financial paperwork with the pauper application. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner did not attach an inmate account statement for the past six months, which the Court uses to determine whether a petitioner can pay the filing fee within a reasonable amount of time.

    The pauper application will be denied without prejudice; and the present improperly-commenced action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application with all required attachments. It does not appear that a dismissal without prejudice would materially impact adjudication of any issue of substance in a promptly filed new action or otherwise cause substantial prejudice.[1]

---

[1] The papers presented and the online docket records of the state courts reflect the following.

(continued...)

IT THEREFORE IS ORDERED that the pauper application (#1) is DENIED without prejudice and that this action shall be DISMISSED without prejudice to the filing of a new petition in a properly commenced new action under a new docket number.

---

[1](...continued)
Petitioner Michael McLemore was convicted in 2007, pursuant to a guilty plea, of conspiracy to commit burglary, conspiracy to commit robbery, burglary while in possession of a firearm, first degree kidnapping with the use of a deadly weapon of a victim 60 years of age or older, robbery with the use of a deadly weapon of a victim 60 years of age or older, first degree kidnapping with the use of a deadly weapon, robbery with the use of a deadly weapon, and attempted robbery with the use of a deadly weapon.

The judgment of conviction was filed on August 30, 2007, and the time for filing a direct appeal expired on Monday, October 1, 2007. Petitioner filed a proper person direct appeal on March 10, 2008. The Supreme Court of Nevada dismissed the untimely appeal for lack of jurisdiction on April 17, 2008, in No. 51256 in that court. On August 30, 2008, petitioner filed a first state post-conviction petition. The state district court denied the petition following an evidentiary hearing. Notice of entry of the decision was sent on March 4, 2009. Petitioner did not appeal the denial of the first state petition. The time for doing so expired on April 6, 2009. Over four years later, on May 20, 2013, petitioner filed a second state post-conviction petition. The Supreme Court of Nevada affirmed the denial of the petition on the basis that the petition was both untimely and successive, in No. 63917 in that court. The remittitur issued and concluded the post-conviction appeal on April 24, 2014.

It appears that the papers currently on file in this federal action were mailed for filing on or about July 20, 2014.

Absent other tolling or delayed accrual, the federal limitation began running under 28 U.S.C. § 2244(d)(1)(A) after the expiration of the time for filing a direct appeal on October 1, 2007. The timely first state petition statutorily tolled the running of the limitation period under 28 U.S.C. § 2244(d)(2) from the August 30, 2008, filing of the petition through the April 6, 2009, expiration of the time for appealing the denial of relief. A total of 333 days passed before the filing of the first state petition. Absent other tolling or delayed accrual, 32 days remained in the one-year limitation period after the expiration of the time for filing a post-conviction appeal.

Accordingly, absent other tolling or delayed accrual, the federal limitation period putatively expired on May 8, 2009. The second state petition itself would not render a federal action timely for two reasons. First, the petition was filed over four years after the federal limitation period already had expired on its face. Second, an untimely state petition in any event does not statutorily toll the federal limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The dismissal of the present action without prejudice will not materially impact the adjudication of a timeliness issue in a promptly-filed new action. The timeliness of a properly commenced new federal habeas action would not hinge upon the filing date of this action, given that the federal limitation period putatively expired five years prior to the constructive filing of this action.

The Court emphasizes that: (a) it is not directing petitioner to file any particular claims or pleadings in a new action but simply is dismissing this improperly-commenced action without prejudice; and (b) it makes no representation that any of petitioner's claims are timely, exhausted, or otherwise viable, either at this point or at the filing of new action. Petitioner at all times remains responsible for filing timely claims in an appropriate state or federal procedural vehicle after first satisfying any applicable exhaustion requirement.

1    IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the dismissal of the improperly-commenced action without prejudice to be debatable or wrong, as the dismissal will not materially impact the issues in a new action or otherwise result in substantial prejudice. See text at 1 and n.1, *supra*.

    The Clerk shall SEND petitioner two copies each of a pauper form for an incarcerated person, a noncapital § 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted.

    The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: July 29, 2014.

_____
ROBERT C. JONES
United States District Judge